IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE A. CRUZ-GONZALEZ

Petitioner

vs

CIVIL 07-2117CCC

WANDA SALIVA, Warden

Respondent

## OPINION AND ORDER

Petitioner José A. Cruz-González (hereinafter "Petitioner" or "Cruz-González") filed this application for a writ of habeas corpus under 28 U.S.C. §2254 on November 27, 2007 (docket entry 1) . Respondent Wanda Saliva, the Superintendent of the penal institution where Petitioner is presently confined, filed a Motion to Dismiss the Petition on April 14, 2009 (docket entry 26).   For the reasons discussed below, the Court finds that the Petition must be dismissed.

**I. BACKGROUND**

Petitioner Cruz-González is a state prisoner presently confined at the Ponce Correctional Complex, a penal institution of the Commonwealth of Puerto Rico, who was convicted on May 30, 1989 of first degree murder and attempted murder and sentenced to a term of imprisonment of ninety-nine (99) years.  He filed this federal habeas corpus application alleging that he did not receive the same treatment by the prosecutor or the court as that which his co-defendants received.[1]  In addition, in his petition Cruz-González circled paragraphs 12(f), which indicates that the prosecutor failed to disclose evidence favorable to him, and 12(I),  which states denial of effective assistance of counsel, although  he does not

---

[1] Petitioner alleges that he and his co-defendants were all charged with the same offenses but that his co-defendants had their charges reduced to lesser included offenses and received lighter sentences than he did. Petioner alleges unequal treatment.

CIVIL 07-2117CCC                                    2

expand on these statements. Finally, Petitioner avers that he was unconstitutionally extradited from Pennsylvania to Puerto Rico to face the charges for which he was subsequently convicted. Petitioner further alleges that he filed a motion pursuant to Puerto Rico Rules of Criminal Procedure 192.1 and an Article 954(4) motion, but that both were denied. Petitioner then filed a certiorari before the Supreme Court of Puerto Rico which in 1992 denied the same.²

## II. DISCUSSION

Pursuant to federal law, a prisoner who claims the he is being held by the state government in violation of the Constitution or laws of the United States may file a civil lawsuit in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. A federal court's review of a 28 U.S.C. §2254 application is not a direct review of a state court's decision, but a separate civil suit considered as collateral relief.

Prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to exhaust within the proper time limits the available state remedies either on direct appeal or through collateral proceedings. The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court. Where a claim was procedurally defaulted by the petitioner in state court, the federal habeas court is barred from reaching the merits of the claim unless the petitioner meets the federal habeas standard for excusing procedural waiver Yeboah-Sefah v. Ficco, 556 F.3d at 53, 66 (1st Cir. 1991). There is an exception to this rule. When a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised in habeas review only if petitioner can demonstrate "cause" and "actual prejudice," Murray v. Carrier, 477 U.S. 478 at 485 (1986),

---

²The information as to the appeals process at the local level is taken from Petitioner's application (docket entry 1) since respondent has provided little or no information on the matter.

CIVIL 07-2117CCC                                    3

or that he is "actually innocent." Smith v. Murray, 477 U.S. 527 (1986). The cause and prejudice test should be applied to all occasions where a procedural default bars litigation of a constitutional claim. Coleman v. Thompson, 501 U.S. 722 (1991).

In the case at hand, it seems Petitioner is under the impression that he exhausted the available remedies through the filing of a Rule 192.1 motion which he took all the way to the Supreme Court of Puerto Rico and was denied at every level, the final denial being issued by the Supreme Court of Puerto Rico in the year 1992.[3] See page 5 of docket entry 1. However, Puerto Rico has a two-prong habeas system. A habeas petition must start with a motion brought under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure. A petitioner filing a motion pursuant to Rule 192.1 may argue that "the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or the Constitution or the laws of the United States; or that the court lacked jurisdiction to impose such sentence; or that the sentence imposed exceeds the penalty prescribed by law; or that the sentence is subject to collateral attack for any reason." 34 L.P.R.A. Ap.II, Rule 192.1. In the event that the court denies petitioner's Rule 192.1 motion, then a petitioner may seek a remedy pursuant to 34 L.P.R.A. §1741, hence the two-prong process. Section 1741 provides that "every person unlawfully imprisoned or restrained of his liberty may pursue a writ of habeas corps to inquire into the cause of such imprisonment or restraint." 34 L.P.R.A. §1741(a). Section 1741 specifically requires a petitioner to file a Rule 192.1 motion before seeking habeas relief pursuant to this section. There is no evidence that Petitioner Cruz-González ever sought a remedy under section 1741. The question then is whether Petitioner exhausted state remedies through his filing of a Rule 192.1 motion and its subsequent appeal.

---

[3]This Court does not have a complete date as to the ruling of the Puerto Rico Supreme Court. Petitioner has only provided the year 1992. Respondent has not shed light on the matter.

CIVIL 07-2117CCC                                        4

Section 2254(c) provides that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the States . . . if he has the right under the law of the State to raise, by any available procedure, the questioned presented."  The Supreme Court in its analysis of this section has stated that "although this language could be read to effectively foreclose habeas review by requiring a state prisoner to invoke any possible avenue of state court review, we have never interpreted the exhaustion requirement in such a restrictive fashion.  Thus, we have not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Wilwording v. Swenson, 404 U.S. 249 (1971).  In the case at hand there is no doubt that Petitioner Cruz González did complete one of the two prongs of state review of his sentence by filing his Rule 192.1 motion.  By doing so, Petitioner gave the state court the opportunity to review its decision before a federal court intervened.  Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims. Castille v. People, 489 U.S. 346 (1989).  The fair opportunity in conjunction with the exhaustion doctrine of section 2254(c) brings about a recurring question of what state remedies must a habeas petitioner invoke in order to satisfy the federal exhaustion requirement. O'Sullivan, at 843.  The Supreme Court answered this precise question in O'Sullivan, supra, and concluded that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, at 845.

Petitioner Cruz-González did just so with the filing of his Rule 192.1 motion and pursuing it all the way to the Supreme Court of Puerto Rico.  "The availability of other state remedies does not preclude a finding of exhaustion if the petitioner pursued a claim through one complete round of state trial-appellate or post conviction proceedings." González-Rivera v. Commonwealth of Puerto Rico, slip opinion no. 06-1946 (1st Cir. 2007) citing 2 Randy Hertz

CIVIL 07-2117CCC                                                  5

& James S. Liebman, <u>Federal Habeas Corpus Practice and Procedure</u>, §23.3b, p. 1075 (5th ed. 2005).

Having determined that Petitioner satisfied the requirement of providing the state court a fair opportunity to act, by completing one complete round of post conviction relief pursuant to Rule 192.1, this Court must now evaluate if Petitioner timely filed his request for habeas review pursuant to section 2254.

**Timeliness of the filing**

Having established that Petitioner has complied with the first step for a proper filing of a 28 U.S.C. §2254 petition, that is, the exhaustion of state proceedings, he must still contend with the time limitation contained in section 2254. Section 2244 of the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA) applies to petitions of habeas corpus filed under 28 U.S.C. §2254. <u>Brackett v. United States</u>, 270 F.3d 60, 66 (1st Cir. 2001). Section 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The statute states that the one year period starts to run from the latest of four potential occurrences. These are: the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

CIVIL 07-2117CCC                                6

Petitioner was sentenced on May 30, 1989. He then filed a motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, which at some point was denied by the Court of First Instance of Arecibo. Petitioner then appealed said denial all the way to the Supreme Court of Puerto Rico which denied the petition for certiorari at some point in 1992. The statute of limitations for a federal habeas action begins to run when the judgment in the state court is final. The statute defines a conviction as final upon "the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. §2244(d)(1)(A). Petitioner's state court conviction became final on or before 1992 and there is no record of any other post-conviction or other collateral review, subsequent to the Rule 192.1 motion which was denied in 1992, which might have tolled the running of the statute of limitations. See 28 U.S.C. §2244(d)(2). The present application was filed by Cruz-González on November 27, 2007, fifteen (15) years after the Supreme Court of Puerto Rico issued its ruling denying Petitioner's Rule 192.1 motion. Thus, Cruz-González did not comply with the one (1) year period for filing his section 2254 application, and clearly the same is time barred unless the doctrine of equitable tolling is applicable here.

**Equitable Tolling**

Equitable tolling is a judicially created doctrine "that excuses a late filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered the information he needed in order to be able to file his claim on time." It may be invoked to extend the limitations period established by a federal statute unless Congress has provided otherwise. Celikoski v. United States, 114 F. Supp.2d 42, 44 (D. Rhode Island 2000), citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990).

The presumption that equitable tolling is available is rebutted principally in two situations. First, deadlines that define the court's jurisdiction may not be equitably tolled. Second, equitable tolling will not apply where there are other indications that Congress

CIVIL 07-2117CCC                                    7

intended to preclude it.  Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004).  The First Circuit in its analysis of whether or not equitable tolling is applicable to section 2244 has stated that "there is no indication in the text of section 2244(d)(1) that the one year deadline is jurisdictional or that Congress meant to preclude equitable tolling.  The statute expressly describes the one year term as a 'period of limitation.'"  Neverson, at 40.  The Court further stated that AEDPA's legislative history likewise makes clear that Congress intended to create a statute of limitations for habeas claims, not a jurisdictional bar.  Id.  The Court went on to hold that "the one year limitations period in section 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases.  Every other circuit to address this question has reached the same conclusion."  Neverson, at 41.

Even where available, equitable tolling is normally appropriate only when circumstances beyond a litigant's control have prevented him from filing on time.  The First Circuit has granted the equitable tolling relief sparingly in cases of habeas corpus.  Wojcik v. Spencer, 198 F.Supp.2d 1 (D. Massachusetts 2002).  In the case at hand, Petitioner filed his habeas petition fifteen (15) years after his state sentence became final.  Petitioner has provided no explanation for his inordinate delay in filing, nor has the Court been able to determine the existence of circumstances that might allow it to consider the application of the doctrine of equitable tolling.  Accordingly, the Court finds that Petitioner Cruz-González' section 2254 petition is time barred and is, therefore, DISMISSED.

CIVIL 07-2117CCC					8

**III. CONCLUSION**

    For the reasons stated, the Court concludes that Petitioner José A. Cruz-González' application for habeas corpus relief pursuant to 28 U.S.C. §2254 is time barred and is, therefore, DISMISSED.  Judgment shall be entered accordingly

    SO ORDERED.

    At San Juan, Puerto Rico, on September 30, 2009.


                                              S/CARMEN CONSUELO CEREZO
                                               United States District Judge